UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANNE HOLLIDAY                                          CIVIL ACTION

VERSUS                                                   NO. 22-757-JWD-EWD

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 25, 2024.

                                                         ERIN WILDER-DOOMES
                                                         UNITED STATES MAGISTRATE JUDGE

certified mail# 7018 0360 0001 1615 6520

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOANNE HOLLIDAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-757-JWD-EWD** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Allstate Vehicle and Property Insurance Company's Motion to Dismiss Complaint,[1] filed by Allstate Vehicle and Property Insurance Company and The Allstate Insurance Company (collectively "Defendants"). The Motion seeks dismissal of the claims brought by Joanne Holliday ("Plaintiff") in this case for lack of standing to assert the claims, or, alternatively, for failure to state a claim. Essentially, Defendants argue that they did not provide a policy of insurance covering Plaintiff's property during the time period in question, such that Plaintiff is not entitled to recovery. It is recommended that Plaintiff's claims in this case be dismissed on the Court's own motion for failure to prosecute under Fed. R. Civ. P. 41(b), Local Civil Rule 41.[2]

**I. BACKGROUND**

A Complaint was filed on behalf of Plaintiff on October 7, 2022,[3] seeking to recover damages arising from Hurricane Delta under an insurance policy allegedly issued by Defendants. The Complaint was filed by the, now notorious, law firm of McClenny Moseley & Associates, PLLC ("MMA"). Because Defendants represented in the parties' Joint Status Report that they did not have record of an insurance policy issued for Plaintiff's property during the relevant time, on

---

[1] R. Doc. 41.
[2] *See Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure to prosecute. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626 (1962)).
[3] R. Doc. 1.

February 27, 2023, Plaintiff was ordered to provide verification of the policy.[4]  Shortly thereafter, counsel with MMA withdrew from the case, all deadlines were suspended, and the matter was stayed.[5]  A telephone conference was set by the court for September 19, 2023 to discuss with Plaintiff how she intended to proceed with the case under the circumstances.  Plaintiff was advised that her participation was required unless new counsel filed a motion to enroll before the scheduled conference.[6]  The Order was sent to Plaintiff at the property address listed in the Complaint.  Because Plaintiff did not appear for the scheduled telephone conference,[7] she was ordered to appear in person at show cause hearing on October 18, 2023.[8]  Plaintiff and defense counsel appeared for the show cause hearing.  At the hearing, Plaintiff advised that she intended to proceed with the case and planned to provide some additional documents to Defendants.  Considering those representations, a follow up telephone status conference was set with the parties for November 28, 2023.[9]  Plaintiff failed to appear for the November 2023 telephone conference, so another show cause order was issued.[10]  Plaintiff appeared for the show cause hearing and again represented that she intended to proceed with the case and planned to provide documents to Defendants.[11]  Defendants were ordered to make contact with Plaintiff, which defense counsel represented was done.[12]  On February 14, 2024, Defendants filed the Motion.  Plaintiff has never responded, and it does not appear that Plaintiff has participated in the case since December 21, 2023—the date of the last show cause hearing.

---

[4] R. Docs. 12, 14.
[5] R. Docs. 16-23.
[6] R. Doc. 24.
[7] R. Doc. 25.
[8] R. Doc. 26.
[9] R. Doc. 31.
[10] R. Doc. 32.
[11] R. Doc. 35.
[12] R. Doc. 37.

## II. LAW AND ANALYSIS

Regarding failure to prosecute, Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

Additionally, Local Civil Rule 41(b) provides, in pertinent part:

> (b) Dismissal for Failure to Prosecute.
>
> > (1) A civil action may be dismissed by the Court for lack of prosecution as follows:
> > …
> > (C) Where a cause has been pending six months without proceedings being taken within such period….
>
> > (2) Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action…
> > …

Plaintiff has failed to prosecute this case. It does not appear that she participated in the drafting of the status report, and she has not appeared in Court since December 21, 2023, or responded to Defendants' motion to dismiss her claims. Fed. R. Civ. P. 41(b) provides for dismissal under these circumstances, which dismissal may be made with or without notice to the parties.[13] Additionally, Local Civil Rule 41(b)(1)(C) also provides for dismissal for failure to prosecute where an action has been pending for six months without proceedings being taken within that period. The time period for objections to this Report and Recommendation satisfies Local Civil Rule 41(b)(2), which requires fourteen (14) days notice to the plaintiff before dismissal of a case for failure to prosecute. Finally, if the case is dismissed, Plaintiff should be given thirty (30)

---

[13] *See Boudwin,* 756 F.2d at 401.

days to seek reinstatement of this case upon a showing of good cause under Local Civil Rule 41(b)(3).[14] Any request for reinstatement should include an explanation for the failure to timely respond to Defendants' Motion to Dismiss. Accordingly,

**IT IS RECOMMENDED** that all claims in this case by Plaintiff Joanne Holliday be **DISMISSED WITHOUT PREJUDICE** for the failure to prosecute under Fed. R. Civ. P. 41(b) and/or Local Civil Rules 41(b)(1)(C), as she has not taken any action in this case for more than six (6) months and has not timely responded to Defendants' Motion to Dismiss.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given thirty (30) days to seek reinstatement of this case by showing good cause under Local Civil Rule 41(b)(3). Any request for reinstatement should include an explanation for the failure to timely respond to Defendants' Motion to Dismiss.

In light of the recommendation for dismissal on the Court's own motion, **IT IS FURTHER RECOMMENDED** that the Allstate Vehicle and Property Insurance Company's Motion to Dismiss Complaint,[15] filed by Allstate Vehicle and Property Insurance Company and The Allstate Insurance Company, be **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Magistrate Judge's Report and Recommendation to Plaintiff Joanne Holliday at the address listed on PACER by regular and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on June 25, 2024.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[14] Local Civil Rule 41(b)(3) provides as follows: "Dismissal under this Rule shall be without prejudice. The Order of Dismissal shall allow for reinstatement of the action within thirty days for good cause shown."
[15] R. Doc. 41.